ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2005 SEP 21 PM 12:10

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK C Reynolds

AUGUSTA DIVISION

SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 105-041 |
| | ) | |
| RONNIE LEE DOUGLAS, JR., | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

In the above-captioned criminal case, the government has accused Defendant Ronnie Lee Douglas, Jr. ("Douglas") of Kidnaping, Robbery, Carjacking, and Carrying and Using a Firearm During a Crime of Violence. (Doc. no. 13, Indictment). The matter is now before the Court on Douglas's "Motion to Dismiss Count Five." (Doc. no. 29). The government opposes the motion. (Doc. no. 33, pp. 8-11). Now, for the reasons developed more fully herein, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

## I.    BACKGROUND

Counts One through Four of the indictment allege that on February 10, 2005, Douglas kidnaped two people at the Fort Gordon Military Reservation, identified by the initials T.Y. and L.Y., and then robbed T.Y. and took her car. (Indictment, pp. 1-3). The indictment further charges in Count Five that Douglas "did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence . . . specifically, robbery at a place within the special maritime and territorial jurisdiction of the United States, which constitutes a violation of Title 18, United States Code, Section 2111[,] . . . in violation of Title 18 United States Code, Section 924(c)(1)(A)." (Id. at 4). In relevant part, 18 U.S.C. § 924(c) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

**(i)** be sentenced to a term of imprisonment of not less than 5 years;
**(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
**(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

## II.     DISCUSSION

Douglas moves to dismiss Count Five on the ground that "it charges separate and distinct elements in a single count" and is therefore duplicitous. (Doc. no. 29, p. 2). Relying on United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), in support of his position, Douglas contends that the aggravated punishments in the statute that are based on the manner in which the firearm(s) were used must be alleged in the indictment and proven to the trier of fact beyond a reasonable doubt. (Id. at 2). Thus, goes the argument, "whether the firearm(s) were used, carried, brandished or discharged constitute separate *elements* which, to trigger § 924(c)'s stiffer penalties, must be treated as such." (Id.).

The government counters that § 924(c)(1)(A) defines only a single offense and then provides for enhanced penalties where that offense is committed in a certain way. (Doc. no. 33, p. 9). Stated otherwise, the government contends that the portion of the statute pertaining to brandishing a firearm is merely a sentencing factor, not an element of the offense. The

2

government also argues that "[a]t best, 'carrying or using' a firearm in relation to a crime of violence would be a lesser included offense of 'brandishing' a firearm during and in relation to a crime of violence." (Id. at 9-10). Finally, the government contends that dismissal of the count is not an appropriate remedy, but rather that any defect may be remedied by either a jury instruction or an election by the government to proceed on either a "brandishing" or "using or carrying" theory. (Id. at 10-11). The government has the better arguments.

### A.     Count Two Is Not Duplicitous.

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) (citation omitted). Duplicitous counts are problematic for three main reasons: a jury may convict a defendant without unanimous agreement on the same offense; a defendant may suffer prejudice in a subsequent double jeopardy defense; and a court may find it difficult to rule on the admissibility of evidence. Id. However, "[w]here the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means." United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (*per curiam*). Section 924(c)(1)(A) is an example of just such a statute. See, e.g., United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002). Simply put, "[a]n indictment is not duplicitous if, in one count, it charges a defendant with violating [a] statute in [multiple] ways." United States v. Burton, 871 F.2d 1566, 1574 (11th Cir. 1989) (*per curiam*).

Here, Douglas contends that because the indictment charges separate and distinct elements concerning how the firearm in question was used (*i.e.*, used, carried, brandished,

3

or discharged) in Count Five, it alleges more than one offense in that Count.[1] (Doc. no.29, p. 2). The Court first notes that Douglas's reliance on Booker is misplaced. In Harris v. United States, 536 U.S. 545 (2002), the Supreme Court ruled, "[A]s a matter of statutory interpretation, § 924(c)(1)(A) defines a single offense. The statute regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury." Id. at 556. In Harris, the Supreme Court also explained that the sentencing judge did not err in sentencing the defendant to the § 924(c)(1)(A)(ii) mandatory minimum sentence based upon his finding by a preponderance of the evidence that the defendant had brandished a weapon, despite the fact that the indictment said nothing about brandishing a weapon and did not reference § 924(c)(1)(A)(ii). Id. at 551. Post Booker, the Eleventh Circuit has recently reiterated, albeit it in unpublished opinions, that Harris is still to be applied in this Circuit.[2] United States v. Crawford, No. 04-14606, 133 Fed. Appx. 612, 620-21 (11th Cir. May 18, 2005)(per curiam)("We recognize that the Supreme Court's Harris

---

[1]The Court notes that the indictment does not specifically allege that a firearm was discharged. (Indictment, p. 4).

[2]In deciding that Harris remains good law (at least for now), the Eleventh Circuit noted its agreement with both the Fourth and the Six Circuits. Crawford, 133 Fed. Appx. at 620-21 (citing United States v. Groce, 398 F.3d 679, 682 n.2 (4th Cir. 2005) and United States v. Harris, 397 F.3d 404, 415 n.5 (6th Cir.2005)); see also United States v. Franklin, 415 F.3d 537, 554 n.8 (6th Cir. 2005). The First, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits have also agreed that the Harris rationale--that Apprendi and its progeny relate only to increases in sentence maxima, rather than sentence minima--remains in effect even after Booker. See United States v. Lopez-Urbina, No. 04-50135, __ F.3d __, 2005 WL 1940118, at *7 (5th Cir. 2005) (§ 924(c)(1)(C) mandatory minimum for "second or subsequent conviction"); United States v. Jones, 418 F.3d 726, 731-32 (7th Cir. 2005)(imposition of mandatory minimum for discharging firearm under § 924(c)(1)(A)(iii)); United States v. Keller, 413 F.3d 706, 709-10 (8th Cir. 2005)(judicial finding that defendant brandished firearm constitutional under Harris); United States v. Bermudez, 407 F.3d 536, 545 (1st Cir. 2005)("Only judge-found facts that serve mechanically to raise a defendant's sentence above that authorized by the jury verdict or guilty plea amount to Sixth Amendment violations."); United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005)("Booker does not bear on mandatory minimums."); United States v. Moore, 401 F.3d 1220, 1222 n.1 (10th Cir. 2005)(minimum sentence under § 924(e)); United States v. Sanchez, No. 03-4760, 123 Fed. Appx. 510, 511 n.2 (3d Cir. 2005)(unpublished)("A court may impose the statutory mandatory minimum sentence without the need for any jury fact-finding or admission beyond the fact of the conviction itself.").

4

decision came after <u>Apprendi</u> but before <u>Booker</u>. However, <u>Booker</u> did not address[] mandatory *minimum* sentences or <u>Harris</u> and at least at this juncture, we remain bound to apply <u>Harris</u>." <u>Id.</u> at 620 (citations and footnotes omitted)); <u>see also</u> <u>United States v. McKinney</u>, No. 04-14178, 135 Fed. Appx. 313, 319 (11th Cir. June 14, 2005)(*per curiam*)("§ 924(c)(1)(A) does not specify elements of a crime that must be charged in an indictment, submitted to the jury, or proved beyond a reasonable doubt.")(applying <u>Harris</u> to § 924(c)(1)(B)(i)). In sum, the language challenged by Douglas represents sentencing factors affecting the minimum sentence, not elements of the offense that would raise the possibility of a duplicity problem.[3]

## B.    Even If Count Two Were Duplicitous, Dismissal Is Not the Appropriate Remedy.

Regardless, even assuming *arguendo* that Count Five is duplicitous or raises the prospect of <u>Booker</u> error, dismissal is not an appropriate remedy. First, any concern regarding jury unanimity may be addressed by a general curative instruction to the jury that its verdict must be unanimous on whatever specification the jurors find to be the predicate of a guilty verdict. <u>United States v. Natelli</u>, 527 F.2d 311, 325 (2d Cir. 1975); <u>see also</u> <u>Schlei</u>, 122 F.3d at 980 (finding unanimity instruction to jury could have cured risk that jury

---

[3]Of course, the Court is aware that some courts have held that § 924(c) does raise duplicity or <u>Booker</u> concerns in other contexts. Most notably, the Sixth Circuit has held that 924(c)'s proscription of "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime" is a distinct and separate offense from "possess[ing] a firearm" "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A); <u>United States v. Combs</u>, 369 F.3d 925, 931-933 (6th Cir. 2004)(quoting <u>United States v. Pleasant</u>, 125 F. Supp.2d 173, 178, 180-81 (E.D. Va. 2000)). However, <u>Combs</u> and <u>Pleasant</u> are easily distinguished. One may possess a firearm in furtherance of a crime without carrying or using it during and in relation to that crime; however, one may not brandish or discharge a weapon during and in relation to a crime without also using or carrying it during and in relation to that crime. And of course, the indictment in the instant case does not raise the concerns addressed in <u>Combs</u> and <u>Pleasant</u>. The indictment charges only that Douglas used, carried, and brandished a firearm "during and in relation to a crime of violence" and does not allege that Douglas possessed a firearm in furtherance of such crime. (Indictment, p. 4).

5

improperly convicted defendant without unanimous agreement on which of multiple transactions formed basis for conviction); United States v. Shorter, 809 F.2d 54, 56-58 (D.C. Cir. 1987) (affirming that when two or more acts would constitute an offense standing alone, those acts may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme), *abrogated on other grounds by*, Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 585 (1993). Douglas's arguments regarding § 924(c) do not present exceptions to this rule. See, e.g., United States v. Husband, No. 05-CR-08-C, 2005 WL 1115873, at *1 (W.D. Ky. May 6, 2005)(citing United States v. Davis, 306 F.3d 398, 416 (6th Cir. 2002)). Likewise, any Sixth Amendment concerns may be alleviated by "separat[ing] the 'use and carry' conduct and the 'brandishing' conduct into separate counts to submit to the jury and then merg[ing] the convictions after trial." Husband, 2005 WL 1115873, at *1. Moreover, Booker concerns or Sixth Amendment problems may also be addressed by specific jury instructions:

> Alternatively, the court could require the jury to find beyond a reasonable doubt whether [Defendant] used or carried a firearm during and in relation to each charged crime and require a finding beyond a reasonable doubt as to whether [Defendant] brandished a firearm during and in relation to each crime by special verdict or special interrogatories to alleviate the possible concerns about sentencing and the Sixth Amendment guarantee of unanimity.

Id. at *1. Finally, the government correctly points out that any danger may similarly be cured by having the government elect whether to proceed on a "use and carry" or "brandish" theory. See, e.g., United States v. King, No. 04-CR-1071, 2005 WL 1307790, at *1 (N.D. Ill. April 26, 2005)(explaining that government may simply "strike one phrase or the other").

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the

motion to dismiss be **DENIED**.

SO REPORTED and RECOMMENDED this 21 day of September, 2005, at

Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

        vs.             *      CASE NO. CR105-041

RONNIE LEE DOUGLAS     *

                          *

                          *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below;
and

2. That the aforementioned envelope(s) contain a copy of the documents known as ~~ORDER~~ REPORT + REC. 2K dated 09/21/05        , which is part of the official records of this case.

Date of Mailing:    09/21/05

Date of Certificate:   09/21/05

SCOTT L. POFF, CLERK

By :     _Joe Howell, Deputy Clerk_

NAME:

1. RONNIE LEE DOUGLAS, FEDERAL PRISONER, SERVED @ PRISON ADDRESS
2. MICHAEL N. LOEBL, ESQ.
3. 
4. TICKLER - 10/05/05
5. 
6. 
7. 

| Cert/Copy | | | | Cert/Copy | | |
|---|---|---|---|---|---|---|
| ☐ | ☐ | District Judge | | ☐ | ☐ | Dept. of Justice |
| ☐ | ☒ | Magistrate Judge | | ☐ | ☐ | Dept. of Public Safety |
| ☐ | ☐ | Minutes | | ☐ | ☐ | Voter Registrar |
| ☐ | ☐ | U.S. Probation | | ☐ | ☐ | U.S. Court of Appeals |
| ☐ | ☐ | U.S. Marshal | | ☐ | ☐ | Nicole/Debbie |
| ☐ | ☒ | U.S. Attorney | | ☐ | ☐ | Ray Stalvey |
| ☐ | ☐ | JAG Office | | ☐ | ☐ | Cindy Reynolds |